## Macken v. Lord Corp.

*Wendell G. Freeland,* for plaintiff.
*Diane K. Rembleske,* for defendant.

THOMAS, *P.J.,* April 30, 1990 — This matter before us on plaintiff's post-trial motion is to set aside our order of a compulsory nonsuit and defendant's petition for attorney's fees pursuant to 42 Pa.C.S. §2503.

## FACTUAL BACKGROUND

Plaintiff was employed by defendant as a material coordinator/material handler in October 1981.

On November 27, 1985, plaintiff was injured in the course of his employment when a 550-pound

drum fell against his abdomen, hurting his back. Plaintiff soon thereafter began to receive workmen's compensation benefits beginning December 1985.

On February 25, 1986, plaintiff's treating physician, Doctor Mark Foster, released plaintiff for *light* duty effective immediately, and it was determined by Dr. Foster that plaintiff was capable of such light-duty tasks as applying labels, doing paperwork, stamping codes and assembling boxes (see Dr. Foster's deposition dated February 26, 1986).

. Upon receipt of the doctor's authorization for light-duty work defendant's personnel officer, Mr. Ed Boeing, called plaintiff's home on February 25, 1986, and advised Mr. Macken that he must report to work the next day for light duty. Plaintiff informed Mr. Boeing that he was not capable of working and that he had an appointment with Dr. Foster around 11 a.m. that same day (February 26, 1986), so he could not report to work. After consulting with plaintiff's supervisors, Mr. Boeing advised plaintiff he must still report into work, but he would be given time off during the morning to see the doctor and advised Macken that failure to report to work would mean termination of his employment. (See trial transcript, pages 14-6.)

Plaintiff failed to report to work on February 26, 1986, and he was consequently terminated from employment (trial transcript, page 17).

## Plaintiff's Post-Trial Motion

By a pretrial memorandum and opinion filed January 26, 1990 (21 Crawford L.J. 245), we ruled on motions for summary judgment and narrowed the focus and issues to be resolved in the nonjury trial.

At trial, plaintiff presented his own testimony, the deposition of Doctor Mark Foster, and introduced

several exhibits. Plaintiff then rested. We granted summary judgment in favor of defendant. Defendant contends that plaintiff has failed to show how his termination was a consequence of defendant's retaliation for plaintiff's filing for workmen's compensation benefits, as was implied in pretrial arguments. At argument on the motion for nonsuit, plaintiff argued a theory not previously pled, that is that section 408 of the Workmen's Compensation Act (77 P.S. §732) prohibits defendant from modifying or terminating plaintiff's employment status while he was receiving workmen's compensation benefits, and that such termination violated public policy.

As previously noted, we granted defendant's motion for compulsory nonsuit, determining that plaintiff failed to meet his prima facie burden. In addition, we held that plaintiff's argument invoking 77 P.S. §732 was inapplicable under the facts of this case and was without merit; and that such an argument was a new cause of action not having been previously pled. Plaintiff now presents his motion to set aside the order of compulsory nonsuit.

## DISCUSSION

Under the case law of the commonwealth, an employee can be terminated for any or no reason. *Geary v. United States Steel Corp.,* 456 Pa. 171, 319 A.2d 174 (1974), except when an employer has *retaliated* against an employee for exercising a statutory right or duty; one of these rights being the right to file for Workmen's Compensation benefits. *Rettinger v. American Car Company,* 574 F.Supp. 306 (M.D. Pa. 1983); *Butler v. Negley House Inc.,* 20 D.&C. 3d 543 (1981). However, unless an employee can show that the termination was motivated

by such *retaliation,* there are no other grounds for a cause of action for wrongful discharge.

Plaintiff produced no evidence to show that defendant's agents were motivated in discharging plaintiff because plaintiff filed for workmen's compensation benefits. The only evidence presented was an attempt by plaintiff to refute the defense's allegations that plaintiff was terminated because he had a poor attendance record and he failed to report for light-duty work on February 26, 1986, as directed. Plaintiff is attempting to prove by implication that if he was not terminated for any legitimate reason, then he must have been terminated in retaliation. Again we stress that plaintiff has the burden to show defendant *did in fact* terminate him for unlawful retaliatory purposes, and plaintiff totally failed to carry this burden of proof.

At trial, plaintiff also presented a new legal theory based upon section 408 of the Workmen's Compensation Act (77 P.S. §732). We determined that this theory raised by plaintiff was without merit and was waived, as it was not previously pled nor was it raised in any prior pretrial proceeding.

Plaintiff argues once again in his post-trial motion that the termination of his employment in the absence of an agreement modifying workmen's compensation and an appropriate notice to the department constitutes a wrongful discharge and that it was reasonable for him to expect that defendant would proceed in accordance with the provisions of section 732 before demanding that plaintiff return to work. Plaintiff contends, therefore, that all recipients of workmen's compensation benefits are guaranteed continued employment during the period that they receive such benefits.

Section 408 of the Workmen's Compensation Act, 77 P.S. §732, is entitled "Modification, Suspension,

Reinstatement or Termination of Notices and Agreements" and provides:

"All notices of compensation payable and agreements for compensation may be modified, suspended, reinstated, or terminated at any time by an agreement or supplemental agreement as the case may be with notice to the department, if the incapacity of an injured employee has increased, decreased, recurred or temporarily or finally terminated, or if the status of any dependent has changed." 77 P.S. §732.

That section concerns only termination, modification or suspension of *workmen's compensation benefits.* The evidence is clear that plaintiff continued to receive workmen's compensation benefits after his termination of employment (see trial transcript, page 77-8). We determined at trial and now redetermine that contrary to plaintiff's assertions, the above statute does not stand for the proposition that a recipient of workmen's compensation benefits can not be terminated from employment while receiving such benefits.

### Defendant's Petition for Attorney's Fees

We dismiss defendant's petition for attorney's fees pursuant to 42 P.S. §2503. We do not believe counsel for plaintiff has violated any general rule; he has not demonstrated dilatory, obdurate, or vexatious conduct, nor has he acted in bad faith. The fact plaintiff's case did not survive a motion for compulsory nonsuit does not demonstrate to this court that plaintiff's claim was frivolous at either its commencement, or at any time prior to trial. We believe an award of attorney's fees under the facts of this case to be improper.